UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| REGINA BEINLICH, | : | Case No. 1:06-cv-748 |
| | : | |
| Plaintiff, | : | Weber , J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal.  At issue is whether the administrative law judge ("ALJ") erred in finding plaintiff "not disabled" and therefore unentitled to a period of disability and disability income benefits.  (*See* Administrative Transcript ("Tr.") (Tr-11-20) (ALJ's decision).)

**I.**

On October 17, 2003, plaintiff filed an application for disability insurance benefits alleging a disability onset date of November 15, 2001, due to neck, shoulder, back, and hip damage.  (*See* Tr. 48-50, 57)

Upon denial of her claims on the state agency level, she requested a hearing *de*

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

*novo* before ALJ Gilbert Sheard. A hearing was held on September 26, 2005, at which plaintiff appeared with counsel and testified. (*See* Tr. 169-90). A vocational expert, Ms. Janet Chapman, was also present and testified. (Tr. 169, 172, 173).

On December 28, 2005, the ALJ entered his decision finding plaintiff not disabled. That decision became defendant's final determination upon denial of review by the Appeals Council on date (Tr. 4-6).

The ALJ's "Findings," which represent the rationale of his decision, were as follows:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant's adjustment disorder with depressed mood, degenerative joint disease in the shoulders, elbows, left hip, and low back degenerative disc disease are considered "sever impairments."

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

5. The claimant has the following residual functional capacity: less than the ful range of sedentary work as described in the body of the decision and in Exhibit 14 E.

6. The claimant is unable to perform any of her past relevant work.

7. The claimant is a "younger individual."

8. The claimant has a "high school (or high school equivalent) education."

9. The claimant's past relevant work was unskilled.

10. The claimant has the residual functional capacity to perform a significant range of sedentary work.

11. Although the claimant's exertional limitations do not allow her to perform a the full range of sedentary work, using Medical-Vocational Rule 201.27 as a framework for decision-making, there are a significant number of jobs in the economy that she could perform. Examples of such jobs include work as office clerk with 50 locally and 61,000 nationally, production worker with 50 locally and 57,000 nationally, and inspector/tester with 10 locally and 14,000 nationally.

12. The claimant was not under a "disability" as defined in the Social Security Act at any time through the date of this decision. 20 CFR §§ 404.1520 (f) and 416.920 (f).

(Tr. 19.)

The ALJ concluded that plaintiff retains the capacity for work that exists in significant numbers in the economy and is not under a "disability" as defined in the Social Security Act, at any time through the date of this decision. (Tr. 19)

On appeal, plaintiff argues that the ALJ erred in relying on the testimony of the vocational expert that was inconsistent with the classifications contained in the Dictionary of Occupational Titles ("DOT").

## II.

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

Upon consideration of an application for disability benefits, the ALJ is guided by a sequential benefits analysis, which works as follows: At Step 1, the ALJ asks if the claimant is still performing substantial gainful activity; at Step 2, the ALJ determines if one or more of the claimant's impairments are "severe;" at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the ALJ determines whether or not the claimant can still perform her past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the ALJ – the ALJ determines, once it is established that the claimant can no longer perform her past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Gwizdala v.*

*Commissioner of Soc. Sec.,* No. 98-1525, 1999 WL 777534, at *2 n.1 (6th Cir. Sept. 16, 1999) (*per curiam*).  If the ALJ determines at Step 4 that the claimant can perform her past relevant work, the ALJ need not complete the sequential analysis.  *See* 20 C.F.R. § 404.1520(a).  However, if the ALJ errs in finding that the claimant can perform her past relevant work, the matter should be remanded for further consideration under Step 5.  *See Lauer v. Bowen*, 818 F.2d 636, 641 (7th Cir. 1987).

The claimant bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits.  20 C.F.R. § 404.1512(a).  That is, she must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job in the national economy.  42 U.S.C. § 423(d)(1)(A).

### III.

For the only assignment of error, plaintiff maintains the ALJ improperly relied on testimony from the vocational expert (VE) that was inconsistent with the classifications in the DOT.  Thus, plaintiff maintains that the testimony of the VE cannot constitute "substantial evidence" in support of a decision of non-disability. .

SSR provides, in pertinent part, that:

> [o]ccupational evidence provided by a [vocational expert] or [vocational specialist] generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between [vocational expert] or [vocational specialist] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict

> before relying on the [vocational expert] or [vocational specialist] evidence
> to support a determination or decision about whether the claimant is
> disabled.

SSR 00-4p, 2000 WL 1898704, at *2 (SSA Dec. 4, 2000).

As noted above, the ALJ found plaintiff capable of performing a reduced range of unskilled sedentary work. Based on plaintiff's RFC, the VE testified that there were a significant number of sedentary unskilled jobs that plaintiff could perform, including office clerk, production, and inspector/tester work. (Tr. 188.) The ALJ asked the VE whether there were any discrepancies between the positions described and the standards for those positions set for in the DOT, and the VE responded "no, Sir." (Tr. 189.)

Plaintiff, however, argues that there are Office Clerk, Inspector and Tester jobs listed in the DOT at the light and medium exertional level, and that no such job of "production worker" is listed. Thus, plaintiff asserts that the testimony of VE cannot constitute substantial evidence in support of a decision of non-disability and remand is necessary to resolve such conflicts.

In response, the Commissioner maintains that the DOT contains several sedentary, unskilled jobs representative of the work identified and described by the vocational expert, including Weight Tester, Atomizer Assembler, Lamp-Shade Assembler, Fishing-Reel Assembler, Dial Marker, and Tube Operator. Thus, the Commissioner maintains that the VE's testimony is in fact consistent with the sedentary, unskilled jobs listed in the

-6-

DOT.

Here, consistent with the SSR 00-4p, the ALJ asked if there was a conflict. (Tr. 189). The vocational expert testified that there was not. (*Id.*). Plaintiff's counsel did not question the vocational expert with respect to the DOT and/or bring any inconsistencies to the ALJ's attention. Nothing in SSR 00-4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct. *Martin v. Commissioner of Social Security,* 170 Fed.Appx. 369, 374, 2006 WL 509393, \*\*5 (6th Cir. 2006) Furthermore, even if there is a conflict between the expert's testimony and the DOT, "neither the DOT or [the expert's testimony] automatically trumps when there is a conflict." *Id.* (quoting SSR 00-4p.) . Here, the ALJ specifically asked if there was a conflict and the uncontradicted testimony of the vocational expert indicated that no conflict existed.

Moreover, the fact that some jobs listed by the vocational expert as sedentary are also listed as "light" work in the DOT is irrelevant. *See Conn v. Secretary of Health and Human Services*, 51 F.3d 607, 610 (6th Cir.1995). In *Conn*, the expert described certain jobs as sedentary which the DOT classified as light or medium. Nevertheless, the court held that "the ALJ may rely on the testimony of the vocational expert even if it is inconsistent with the job descriptions set forth in the Dictionary." *Id*. ("the ALJ was within his rights to rely solely on the vocational expert's testimony). The Social Security regulations do not require the Secretary or the expert to rely on classifications in the

-7-

Dictionary of Occupational Titles."). *Barker v. Secretary of Health and Human Svcs.*, 882 F.2d 1474, 1478 n. 1 (9th Cir.1989) (vocational expert can testify as to jobs which he described as light work even though same category of job was listed in DOT as requiring medium work).

Here, as noted above, the DOT contains several sedentary unskilled jobs representative of the work identified and described by the VE. Accordingly, the undersigned finds that the ALJ did not err at Step-Five in the sequential analysis.

For the foregoing reasons, plaintiff's assignment of error is without merit. The ALJ's decision is supported by substantial evidence and should be affirmed.

## IT IS THEREFORE RECOMMENDED THAT:

1. The decision of the Commissioner is **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and should be **AFFIRMED.**

2. As no further matters remain pending for the Court's review, this case should be **CLOSED.**

Date:   February 29, 2008            s/Timothy S Black
                                     Timothy S. Black
                                     United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| REGINA BEINLICH, | : | Case No. 1:06-cv-748 |
| | : | |
| Plaintiff, | : | Weber , J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **TEN (10) DAYS** after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to **THIRTEEN (13) DAYS** (excluding intervening Saturdays, Sundays, and legal holidays) when this Report is being served by mail and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to another party's objections within **TEN (10) DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).